plaintiff's motion for summary judgment on the first cause of action for return of the deposit. Searching the record (CPLR 3212, subd [b]), we determine that summary judgment should be granted in favor of the defendants dismissing the plaintiff's second cause of action for damages for breach of contract. The requirements of the agreement that "Windy Heights shall have obtained a title insurance policy" and "Windy Heights and the Purchaser shall have received confirmation from Farmers Home Administration" are, by the express language of the agreement, "conditions precedent" to "[t]he obligation of Purchaser to pay the Purchase Price". These requirements are couched in terms of conditions and not in terms of promise on the part of the defendants. "Breach of promise subjects the promisor to liability in damages * * * Breach or non-occurrence of a condition prevents the promisee [here, the defendants] from acquiring a right [the right to retain the deposit], or deprives him of one, but subjects him to no liability." (5 Williston, Contracts [3d ed], § 665.) "The non-fulfillment of a promise is called a breach of contract, and creates in the other party a secondary right to damages; it is the failure to perform that which was required by a legal duty. The non-occurrence of a condition will prevent the existence of a duty in the other party; but it may not create any remedial rights and duties at all, and it will not unless someone has promised that it shall occur." (3A Corbin, Contracts, § 633.) Here, the defendants did not promise that the conditions would occur. Although other paragraphs of the agreement contain language expressing a promise or an agreement to perform certain acts, section 3, listing the conditions precedent, contains no such language. Lacking a promise, there is no duty to perform and, therefore, the nonperformance of the conditions precedent cannot constitute a breach of contract subjecting the defendants to damages. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ MERRITT HILL VINEYARDS, INCORPORATED, Appellant, v WINDY HEIGHTS VINEYARD, INC., et al., Respondents. (Appeal No. 2.) — Appeal unanimously dismissed as moot. (Appeal from order of Supreme Court, Yates County, Boehm, J. — protective order.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ MERRITT HILL VINEYARDS, INCORPORATED, Appellant, v WINDY HEIGHTS VINEYARD, INC., et al., Respondents. (Appeal No. 3.) — Appeal unanimously dismissed as moot. (Appeal from order of Supreme Court, Yates County, Boehm, J. — disqualify attorney.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM RUCKER, Appellant. — Judgment unanimously modified, on the law and facts, in accordance with memorandum, and, as modified, affirmed and defendant remanded to Monroe County Court for resentencing. Memorandum: There is insufficient evidence in the record to support the jury's determination that either of the victims sustained "serious physical injury" (Penal Law, § 10.00, subd 10). The opinion of the physician testifying for the prosecution was conjectural and based upon too many contingencies to support the conclusion that the lacerations "created a substantial risk of death." His testimony that the lacerations, if untreated, could result in "serious and protracted disfigurement" does not prove serious physical injury, since the statute requires not that such disfigurement could result, but that it actually did result. The evidence was sufficient, however, to support convictions of the lesser included offense of assault in the second degree (Penal Law, § 120.05, subd 2). Accordingly, we modify the judgment by changing the convictions, as to both counts,